DELL, Judge.
This is an appeal from a decision of the Florida Elections Commission finding the appellant guilty of violating § 106.143 Fla. Stat. and fining him $500.
In 1980, appellant was a candidate for the City Commission of Coral Springs. He ordered sample ballots printed. The ballots were delivered to his office in a wrapped package. The appellant, without opening the package, asked his wife to deliver them to a campaign worker for distribution later in the week. The ballots were distributed without the language required by § 106.143 Fla.Stat., “Paid political advertisement paid for by .... ”
§ 106.143(4) Fla.Stat. states:
“Any person who willfully violates the provisions of this section is subject to the civil penalties prescribed in § 106.143.” (Emphasis added.)
The Florida Elections Commission found: “Based upon the facts and circumstances in this matter the Commission believes that had the Respondent exercised reasonable diligence and due care as required of candidates, and possible public officials, such oversight would not have occurred. Voluntary actions and inac-tions in allowing the distribution of materials without the disclaimer, without any review prior thereto, considered in conjunction with all other circumstances herein was a careless and negligent disregard by the Respondent of his responsibilities. It is the Florida Elections Commission’s view that such constitutes a willful violation s. 106.143(1), F.S., (1979), in this instance.”
The court held in County Canvassing Board v. Lester, 96 Fla. 484, 118 So. 201, 202 (1928) that
Every voluntary act of a person is intentional, and therefore in a sense willful, but generally speaking, and usually when considering statutes of the character mentioned, a voluntary act becomes “willful” in law only when it involves some degree of conscious wrong on the part of the actor, or at least culpable carelessness on his part, something more than a mere omission to perform a previously imposed duty.
A careless and negligent failure to comply with § 106.143 Fla.Stat. does not constitute a “willful” violation as required by the statute. Therefore, the Order of the Florida Elections Commission is reversed.
REVERSED.
DOWNEY and GLICKSTEIN, JJ., concur.