PARKER, Acting Chief Judge.
Patricia T. Fulton and Broom Political Committee (BROOM) appeal the order of the Florida Elections Commission (Commission) finding that BROOM violated Florida elections laws and imposing a $500 penalty against BROOM. We affirm the order as to BROOM. We reverse the order as to Ms. Fulton and direct the Commission to strike any reference in its order indicating that Ms. Fulton is individually liable for the willful violation of elections laws or for paying the fine.
The Commission properly found that BROOM willfully violated section 106.143, Florida Statutes (1995), based on Mr. Edward Helm’s publishing and distributing BROOM literature which did not contain the statement “paid political advertisement” or “pd. pol. adv.” Therefore, we affirm that portion of the order without further discussion.
As to Ms. Fulton, the Commission’s order states that “Respondent Fulton and BROOM will be treated as a single entity (BROOM) insofar as their responsibilities are coextensive.” Based upon the evidence in this case, we conclude that the order fixing responsibility for violation of election laws on both Ms. Fulton and BROOM was error.[1] The Commission concedes that under the standard set forth in Sanders v. Florida Elections Commission, 407 So.2d 1069 (Fla. 4th DCA 1981), Ms. Fulton was negligent merely in failing to insure that the appropriate disclaimers were placed on the BROOM literature at issue here. Thus, the Commission, by its own admission, could not have found Ms. Fulton in willful violation of election laws. There is no provision in chapter 106 which authorizes the Commission to hold an officer of a political committee responsible for paying a civil penalty imposed on the political committee for actions committed by a different officer. We disagree with the Commission’s argument that in section 106.19, Florida Statutes (1995),[2] the legislature intended to hold political committee chairs individually liable for civil penalties imposed by the Commission for willful violations of paragraph (c) of subsection (1), which appears to encompass the violation at issue here, where other committee members committed the violation.
*1182 We also reject the Commission’s argument that, under Guyton v. Howard, 525 So.2d 948 (Fla. 1st DCA 1988), the Commission could hold Ms. Fulton, as Coehair of BROOM, individually liable for paying the fine. We construe Guyton to be inapplicable here and, even under Guyton, an individual member of an unincorporated association would not be personally hable for violation of election laws based on actions by other members of the association in which the individual member did not participate or set the action in motion or agree to the action of the other members. Here, it was undisputed that Ms. Fulton did not see the literature before it was published or participate in its distribution. Consequently, Ms. Fulton correctly argues that she should not be held hable for the civil penalty.
We affirm the finding of a willful violation by BROOM, reverse the order as it apphes to Ms. Fulton, and remand the order to the Commission with instruction to strike from the final order the reference to Ms. Fulton as being responsible for the violation or paying the penalty.
FULMER and NORTHCUTT, JJ., concur.

. The stated rationale in this record for the Commission keeping Ms. Fulton as a party was so that the Commission could have "a warm body to go after” if there was a fine to be rendered.

. The relevant portions of that statute state:
106.19 Violations by candidates, persons connected with campaigns, and political committees.—
(1) Any candidate; campaign manager, campaign treasurer, or deputy treasurer of any candidate; committee chair, vice chair, campaign treasurer, deputy treasurer, or other officer of any political committee; agent or person acting on behalf of any candidate or political committee; or other person who knowingly and willfully:
(c) Falsely reports or deliberately fails to include any information required by this chapter; or
is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(2) Any candidate, campaign treasurer, or deputy treasurer; any chair, vice chair, or other officer of any political committee; any agent or person acting on behalf of any candidate or political committee; or any other person who violates paragraph (a), paragraph (b), or paragraph (d) of subsection (1) shall be subject to a civil penalty equal to 3 times the amount involved in the illegal act. Such penalty may be in addition to the penalties provided by subsection (1) and shall be paid into the General Revenue Fund of this state. The Division of Elections shall have authority to bring a civil action in circuit court to recover such civil penalty.